UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Kellis Djon Jackson, | ) | C/A No. 9:07-cv-01317-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Steve Labier and Scott Schleder, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

Plaintiff, proceeding *pro se*, brings a *Bivens* action alleging that while he was an inmate at FCI-Estill the defendants deprived him of access to the courts, engaged in retaliation, and failed to afford him procedural due process.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the Court with the Report and Recommendation of United States Magistrate George C. Kosko filed February 12, 2008.  Based on his review of the record, the Magistrate Judge concluded that the defendant's motion for summary judgment should be granted.

The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections. The Court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is required to make a *de novo* determination of those portions of the Report or specified findings or recommendation as to which an objection is made.  However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Report and Recommendation to which no objections are addressed.  While the level of

scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations.   28 U.S.C. § 636(b)(1).

Plaintiff filed objections on February 26, 2008, in which he asserts that the defendant's motion for summary judgment should be denied as to each of his claims.  First, regarding his claim for access to the courts, Plaintiff contends that he has shown actual injury through delay in instituting his habeas action.  Nevertheless, Plaintiff has not shown that his habeas action (under 28 U.S.C. § 2241) was dismissed based on the statute of limitations or failure to adequately present his claim such that the temporary retention of his papers when he refused to pay for copies somehow hindered his access to the courts.  Rather, his petition was dismissed as a successive petition and also on the merits of the claims alleged.  (*Jackson v. United States*, No. 9:06-cv-02048-RBH).  Therefore, the plaintiff's access to the courts claim based on a dispute with the prison regarding free legal copies lacks merit.

As to the retaliation claim, Plaintiff contends that "all that is needed to state a valid claim of retaliation is a chronology of the events" and that, since the disciplinary hearing officer found that he did not commit the offenses with which he was initially charged (stealing and insolence), there is an inference of retaliation.  Although the plaintiff apparently believes that the disciplinary charges brought against him were in retaliation for exercising his right of access to the courts, he has not made any showing other than conclusory allegations. It is important to note that the hearing officer did find that the plaintiff committed a violation of institutional conduct, i.e., Conduct which Disrupts or Interferes with the Security of the Orderly Running of the Institution (Code 399).  In addition, the Court has found that Plaintiff was not denied access to the courts. Therefore, he has not shown that the alleged retaliatory act was taken in violation of a constitutional right or that the act itself violated such a right.  *See Adams*

*v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).

Finally, regarding his due process argument, the plaintiff contends that he was not notified of the new charges in time to defend against them. The record reveals that the incident which gave rise to the plaintiff's discipline took place on June 15, 2006 and the plaintiff was notified on July 13, 2006 that he was being charged with code 399, Conduct which Disrupts or Interferes with the Security or the Orderly Running of the Institution. The hearing took place on July 20, 2006. Therefore, the plaintiff was provided with adequate notice of the new charge.

The Court has reviewed the plaintiff's objections and finds that the Magistrate Judge thoroughly analyzed the issues. Accordingly, the Court finds the plaintiff's objections lack merit and they are hereby overruled.

The Court has reviewed the Report, objections, pleadings, memoranda, and applicable law. The Court adopts the Report and Recommendation and incorporates it herein by reference. Therefore, the defendant's [25] motion for summary judgment is granted and the plaintiff's [46] motion for summary judgment is denied.

**IT IS SO ORDERED.**

August 25, 2008                                                          s/R. Bryan Harwell
                                                                                         R. Bryan Harwell
                                                                                         United States District Judge